# IN THE UNITED STATES DISTRICT FOR
# THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INNOMEMORY, LLC | ) |
| | ) |
|    *Plaintiff*, | ) |
| | )    C.A. No.: 2:24-cv-00667-RWS-RSP |
| v. | ) |
| | ) |
| XIAOMI CORPORATION | ) |
| | ) |
|    *Defendant.* | ) |

## DEFENDANT XIAOMI CORPORATION'S MOTION TO DISMISS FOR INVALID SERVICE OF PROCESS UNDER RULE 12(B)(5) AND <u>LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)</u>

## I. INTRODUCTION

Defendant Xiaomi Corporation ("Xiaomi") moves the Court to dismiss this case for invalid service of process under Rule 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2). Xiaomi makes this special appearance for the sole purpose of contesting service and jurisdiction based on the following reasons:

First, plaintiff InnoMemory, LLC ("InnoMemory") completely disregarded and evaded the process requirements set out in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 ("Hague Convention") that are mandatory for serving complaints on defendants in the Cayman Islands. Neither has the InnoMemory made any attempt in good faith to serve Xiaomi in the Cayman Islands through the Hague Convention, nor has it ever filed a motion for leave with the Court before attempting alternative service.

Second, this Court has no personal jurisdiction over Xiaomi, which is a Cayman Islands holding company without any actual employee. The Complaint relies on nothing but merely conclusory and unsupported allegations that Texas is the proper jurisdiction and venue. InnoMemory does not allege that Xiaomi is "at home" anywhere in the United States, this District, or conducts continuous and systematic activities anywhere in the United States. Indeed, InnoMemory does not even allege that Xiaomi has purposefully directed activities to any forum in the United States, or that such activities somehow relate to the cause of action here. The

Complaint does not even allege that any of the accused products were in fact sold or imported into the United States or this District by Xiaomi. For these reasons, the Court should dismiss the Complaint for lack of jurisdiction.

## II.     FACTUAL BACKGROUND

InnoMemory sued Xiaomi on August 13, 2024, for alleged infringement of a single patent US 7,057,960 (the "'960 Patent"). (Dkt. No. 1, ¶ 8.) InnoMemory is a Texas entity with a principal place of business in New York. (*Id.*, ¶ 2.)

As alleged in the Complaint, Xiaomi is a Cayman Islands company located in the Cayman Islands. (*Id.*, ¶ 3.) The Complaint only conclusorily alleges in two paragraphs that jurisdiction and venue are proper in Texas:

> This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.
>
> Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

(*Id.*, ¶¶ 6-7.)

InnoMemory does not allege that Xiaomi maintains any offices, employees, or agents in Texas, or owns any phone number, bank accounts, or property in Texas. The Complaint does not even allege that Xiaomi actually made, used, offered to sell, sold and/or imported any accused products in the United States or in this District.

On August 20, 2024, without making any attempt to serve Xiaomi Corporation in the Cayman Islands through the Hague Convention and without asking the Court for leave, InnoMemory sought to effect alternative service via the Secretary of State of Texas.

As of the time of this motion, InnoMemory has not filed any "Proof of Service" with the Court stating the date of service. An extension of time to answer the Complaint or otherwise move was granted to January 23, 2025, and Xiaomi now moves to dismiss the Complaint based on invalid service or process and lack of personal jurisdiction.

## III.  LEGAL STANDARDS

### A.  Serving a Corporation in a Foreign Country.

Federal Rule of Civil Procedure 4(h) governs the service of domestic and foreign corporations. When service is attempted on a corporation "at a place not within any judicial district of the United States," service is accomplished in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The Federal Rules provide for foreign service "by any internationally agreed means . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Id*. at 4(f)(1). Moreover, the Federal Rules provide alternative methods for use when "if there is no internationally agreed means, or if an international agreement allows but does not specify other means …." *Id*. at 4(f)(2). Rule 4 further provides for foreign service "by other means not prohibited by international agreement, as the court orders." *Id.* at 4(f)(3) (emphasis added).

3

Use of the Hague Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) (noting that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner). In circumstances that might justify the use of alternative methods, the plaintiff must have at least attempted in good faith the service via the Hague Convention procedures and then could it ask the court for leave for an alternative service. Neither occurred here.

    **B.**    **Lack of Personal Jurisdiction**

A court may subject a defendant to judgment <u>only</u> when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully availsitself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citation omitted).

**IV.**    **ARGUMENT**

    **A.**    **This Case Should Be Dismissed for Improper Service of Process.**

        1.    Plaintiff Cannot Avoid the Hague Convention for Serving a Defendant in <u>Cayman Islands</u>.

Before a federal court may exercise personal jurisdiction over a defendant, the procedural

4

requirement of service of summons must be satisfied. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Once sufficiency of service is challenged by a defendant's motion to dismiss under Rule 12(b)(5), "[t]he plaintiff bears the burden of establishing its validity." *O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.)*, 309 F. App'x 833, 835 (5th Cir. 2009).

The Hague Convention, of which the United States and Cayman Islands are signatories, "sets forth the permissible methods of effecting service abroad." *James Avery Craftsman, Inc. v. Sam Moon Trading Enters.*, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018) (Garcia, J.). The primary method of service authorized by the Convention is through a member state's "Central Authority." *See* 20 U.S.T. 361, Arts. 2-7. The Central Authority of each member state may then execute service pursuant to its own internal laws, or according to a particular method requested by the requesting state. *Id.* For Cayman Islands, service under the Hague Convention is principally facilitated by the Cayman Islands Central Authority. *See* 20 U.S.T. 361, Art. 5; United Kingdom – Other Authorities (Art. 18). https://www.hcch.net/en/states/authorities/details3/?aid=681.

Here, the relevant forum state is Texas, and the long-arm statute under Tex. Civ. Prac. & Rem. Code Ann. §17.043 dictates service requirements on nonresidents: "Nonresident" includes "a foreign corporation." Tex. Civ. Prac. & Rem. Code Ann. §17.041(2).

> In an action arising from a nonresident's business in this state, process may be served on the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process.

5

Section 17.045(c) directs specific notice requirements for service made pursuant to Section 17.043, including mailing a copy of the process and notice to the non-resident or the non-resident's principal place of business:

> If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately <u>mailed to the nonresident or the nonresident's principal place of business</u>.

*Id.* at § 17.045(c) (emphasis added).

Service of process on foreign defendants under Sections 17.043 and 17.045 thus involves the transmittal of documents abroad, and therefore invokes the requirements of the Hague Convention. *See, e.g., Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54F. Supp. 2d 691, 693 (S.D. Tex. 1999); *Sang Young Kim*, 909 F. Supp. at 479 (S.D. Tex. 1995); *Brewer v. Suzuki Motor of Am., Inc.*, 2015 WL 4433046, at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005).

InnoMemory cannot meet its burden to show that its purported service on Xiaomi is valid. Its failure to follow Hague Convention, which is mandatory in this case, render service defective. In particular, the method of service in this case is governed by the long-arm statute of the forum state, i.e., Texas. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1998). The Texas long-arm statute, through Sections 17.043 and 17.045, requires

"a copy of the process and notice of the service must be immediately <u>mailed to the nonresident or the nonresident's principal place of business</u>." Tex. Civ. Prac. & Rem. Code Ann. § 17.045 (emphasis added); *see also Bayoil Supply*, 54 F. Supp. 2 at 693.

Thus, for a "foreign resident [such as Xiaomi], notice must be mailed abroad, triggering the requirements of the Hague Convention." *Id.*; *see also Brewer*, 2015 WL 4433046 at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols.*, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005) ("Because the Secretary must mail the notice to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its requirements"). "Texas courts strictly construe the long-arm statute, and consistently conclude that failure to strictly comply with the statute by forwarding a copy of the process to the nonresident defendant as required by section 17.045 deprives the court of jurisdiction over the defendant." *Sang Young Kim*, 909 F. Supp. At 479.

> 2. InnoMemory's Mail Service Is Invalid Because It Failed to Obtain a Signed <u>Return Receipt as Required by Texas Law</u>.

InnoMemory's purported service of process on Xiaomi cannot stand for yet another reason: InnoMemory failed to follow Texas state rules governing mail service. Texas law authorizes service of process via "registered or certified mail, with return receipt requested." Tex. R. Civ. P. 106(a)(2). Under Texas law, the return receipt must also bear the addressee's signature:

> When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

7

Tex. R. Civ. P. 106(a)(2). Texas law also requires that service of process on a corporation must be directed to specific persons at the corporation:

> The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required orpermitted by law to be served upon the corporation may be served.

Tex. Bus. Corp. Act Art. 2.11(A); *see also, Bolden v. Greenpoint Mortg. Funding, Inc.*, 2004 U.S. Dist. LEXIS 20508, at *14-15 (N.D. Tex. Oct. 13, 2004) (finding Texas law permits service of process via certified mail, return receipt, and requires that service of process on a corporation be directed to the president, vice president, or registered agent of thecorporation).

Here, InnoMemory has not yet filed any purported "Proof of Service" to the Court claiming that it accomplished service via Certified Mail. As such, Xiaomi reserves the opportunity to address the attempted service on Xiaomi until such return receipt is obtained and filed by InnoMemory.

     3.  The Principle of Comity Also Insists That InnoMemory's Email Service Be <u>Held Invalid</u>.

Finding InnoMemory's service of process invalid also aligns with the principles of comity. "[E]ven when 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *James Avery Craftsman*, 2018 WL 4688778, at *3 (quoting *Midmark Corp. v. Janak Healthcare*

8

*Private Ltd.*, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

The Hague Convention reflects principles of comity between nations. Treaties are meant to regulate conduct between nations. *Medellin v. Texas*, 552 U.S. 491, 505 (2008). And mutual enforcement of a treaty requires each signatory to continue the good-faith enforcement of its terms. *Id.*

InnoMemory has taken a reckless approach to comity and sets a poor standard for plaintiffs around the world (and in this District) as to good-faith application of the Hague Convention. InnoMemory did not show a single reason why the conventional, formal channels for service provided by the Hague Convention should not be used here. Xiaomi is located in Cayman Islands, a signatory to the Hague Convention. Once triggered, compliance with the Hague Convention is mandatory. *James Avery Craftsman*, 2018 WL 4688778, at *9 (citing *Schlunk*, 486 U.S. at 700) ("compliance with the Convention is mandatory in all cases to which it applies").

Courts have not hesitated to require plaintiffs to follow the procedures of the Hague Convention. *James Avery Craftsman* is illustrative. The plaintiff there, without having made any attempt to serve the Chinese defendant under the Hague Convention, requested and received Magistrate Judge Chestney's leave to serve Chinese defendant via email. *Id*. After confirming that the Hague Convention applied because plaintiff's service required transmission of documents abroad, and the service address of defendant is not unknown, Chief Judge Garcia vacated the

9

Magistrate Judge's Order granting alternative service and ordered the plaintiff to complete service within 180 days according to the Hague Convention. *Id*. at *16-22. Thus, InnoMemory must attempt in good faith to serve Xiaomi through readily available means before seeking leave of Court to effect alternative service.

Here, InnoMemory has neither made any attempt in good faith to serve Xiaomi in the Cayman Islands through the Hague Convention, nor has it ever filed a motion with the Court for leave for alternative service before the attempted service. Therefore, InnoMemory's Complaint should be dismissed under Rule 12(b)(5) for insufficiency of process.

    **B.**    **The Case Should Be Dismissed for Lack of Personal Jurisdiction.**

        1.    <u>Xiaomi Is Not "At Home" In Any U.S. Forum and Is Not Subject To General Jurisdiction in Texas</u>.

As the Supreme Court explained in *McIntyre*, "[a] person may submit to a State's authority in a number of ways," including "[c]itizenship or domicile—or, by analogy, incorporation or principal place of business for corporations." *Id.* When a corporation is incorporated or headquartered in a State, it can be inferred that it intends to benefit from and will submit to the law of the forum State and, thus, supports the court's exercise of general jurisdiction over the defendant. *Id.* at 881. If general jurisdiction is present, the court may "resolve both matters that originate within the State and those based on activities and events elsewhere." *Id.* "By contrast, those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *Id.*

10

Here, Xiaomi is incorporated in Cayman Islands and has no principal place of business in any State of the United States. (Declaration of Mengya Wu ("Wu Decl.") at ¶ 2.) Thus, Xiaomi is not "at home" in any U.S. forum, including Texas.

If a corporation is <u>not</u> incorporated or headquartered in a State, a court may assert general jurisdiction over it <u>only</u> "when [its] affiliations with the State are so 'continuous and systematic' as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). Under Texas's general jurisdiction statute, a Texas court may exercise general jurisdiction over companies doing permanent and continuous business in Texas. To determine whether a foreign corporation is doing business in Texas, courts focus on a set of common factors, including the following: whether the company has an office in the state; whether it solicits business in the state; whether it has a phone listing in the state; whether it does public relations work in the state; and whether it has individuals permanently located in the state to promote its interests.

Here, Xiaomi does not maintain any offices, employees, or agents in Texas. (Wu Decl. at ¶ 2.) It does not own any phone number, bank accounts, or property in Texas. *Id*. It does not have a business license in Texas. *Id*. It does not do any public relations work in Texas or have anyone permanently located in Texas to promote its interests. *Id*.

There is, thus, no basis for this Court to exercise general jurisdiction over Xiaomi. *See Daimler*, 571 U.S. at 142 (reversing the exercise of general jurisdiction over a foreign defendant having no presence in the forum State); *McIntyre*, 564 U.S. at 886 (finding the exercise of general

11

jurisdiction improper where the "British manufacturer had no office in New Jersey; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State.… [T]he trial court found that the 'defendant does not have a single contact with New Jersey short of the machine in question ending up in this state'…. These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market.").

> 2. Xiaomi Is Not Subject to Specific Jurisdiction In Texas Because It Has No "Minimum Contacts" With Texas And InnoMemory's Patent Infringement Claims Do Not Arise out of or Relate To Any Activities Conducted By Xiaomi in the Forum.

There is also a more limited form of submission to a state's authority for disputes that "arise out of or are connected with the activities within the State." *McIntyre*, 564 U.S. at 881 (citation omitted). When a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," such contacts with and activity directed at the sovereign may justify the exercise of specific jurisdiction over a defendant "in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* (citations omitted). However, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (emphasis added). "When there is no such connection,

specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Meyers*, 137 S. Ct. at 1781; *see also Goodyear*, 546 U.S. at 930, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). In a patent case, courts assess specific jurisdiction "by considering (1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard, LLC v. SK Innovation Co.,* 792 F.3d 1373, 1377 (Fed. Cir. 2015).

A defendant's merely placing goods into the stream of commerce that may end up in the forum, however, does not support the exercise of jurisdiction. "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *McIntyre*, 564 U.S. at 882 (emphasis added). Indeed, for a defendant to established the necessary "minimum contacts" with the forum State, such contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) (citation omitted). In *Asahi*, the Court held that while Asahi put its goods into the stream of commerce and even assuming Asahi was aware that some of its goods would be incorporated into tires that were ultimately sold in California, that was insufficient to establish the purposeful availment required

13

for the exercise of personal jurisdiction when Asahi did not do business in California; it had no office, agents, employees or property in California; it did not advertise or solicit business in California; and it did not create, control, or employ the distribution system that brought its goods to California. *Id.* at 112.

Critically important to the specific jurisdiction analysis is the requirement that any goods placed into the stream of commerce have a connection to the cause of action asserted in the forum court. As the Supreme Court explained in *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014), "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

Because Xiaomi does not conduct activities directed to residents of any forum in the United States, InnoMemory cannot prove that its claims arise out of or relate to such activities. But even if InnoMemory could prove that Xiaomi has directed some activities to the United States (and it cannot), specific jurisdiction is still lacking.

InnoMemory's complaint alleges that Mi Laser Projector 150 infringed InnoMemory's patents. But Xiaomi does not make, use, sell, offer to sell, and/or import any products including Mi Laser Projector 150 in the United States. (Wu Decl. at ¶ 3.) Indeed, as a holding company incorporated in Cayman Islands, Xiaomi itself does not make, use, sell, offer to sell, and/or import

14

any accused products anywhere in the world. Accordingly, to the extent InnoMemory can muster some activities that Xiaomi directs toward the United States, none can possibly be said to give rise to or relate to InnoMemory's patent infringement claims.

To the extent that InnoMemory is relying on sales of products through various websites of nonparties, who are purportedly Xiaomi's customers, and to try to assert a stream-of-commerce theory of specific jurisdiction with respect to Xiaomi, InnoMemory's theory is a nonstarter. There is no evidence of Xiaomi itself is selling any accused products in the United States or this District. (*See* Wu Decl. at ¶ 3.) And even if Xiaomi's independent subsidiaries could be said to sell any accused products outside the United States to any customers, who then resells them in the United States, there is no evidence whatsoever that Xiaomi itself has any intention to target the U.S. market. *McIntyre*, 564 U.S. at 886 (finding the exercise of jurisdiction improper even though one of the machines at issue ended up in New Jersey because there was no evidence that the defendant purposefully availed itself of the New Jersey market.")

Accordingly, the Court's exercise of jurisdiction over Xiaomi here would offend due process because it would be unreasonable for Xiaomi to expect that it would be subject to the Court's jurisdiction when it has not targeted Texas and has not made, used, sold, offered to sell, and/or imported any accused products in Texas. *McIntyre*, 564 U.S. at 882.

**V.    CONCLUSION**

Because InnoMemory's service is insufficient and the Court lacks personal jurisdiction over Xiaomi, the Court should grant Xiaomi's motion and dismiss this case under Rule 12(b)(5)

15

and/or 12(b)(2).

Dated:  January 23, 2025

Respectfully Submitted,

By: _____
State Bar No. 24051447
Email:  Rene.Trevino@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505

**ATTORNEY FOR DEFENDANT XIAOMI CORPORATION**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 23rd day of January 2025, with a copy of the above-document via the Court's CM/ECF System.

                                                                */s/ Jarrett Poindexter*
                                                                Jarrett Poindexter